### David STARKS, Sr., Plaintiff–Appellant,

v.

### Marvin POWERS, et al., Defendants–Appellees.

### No. 03–1962.

United States Court of Appeals, Seventh Circuit.

Submitted June 17, 2004.*

Decided June 17, 2004.

Rehearing Denied July 13, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

David Starks, Sr., Tamms, IL, pro se.

Deborah L. Ahlstrand, Office of the Attorney General, Chicago, IL, Craig L. Unrath, Heyl, Royster, Voelker & Allen, Peoria, IL, for Defendants–Appellees.

Before DIANE P. WOOD, EVANS, and WILLIAMS, Circuit Judges.

### ORDER

Illinois inmate David Starks, Sr., sued several prison officials and staff members at the Tamms Correctional Center under 42 U.S.C. § 1983. The district court screened Starks's complaint under 28 U.S.C. § 1915A, and dismissed as frivolous eight counts: that the defendants transferred Starks to Tamms and placed him in a maximum security unit without affording him a hearing; confiscated some of his personal property; denied him adequate access to television, out-of-cell exercise, and the prison commissary; limited his telephone usage; took funds from his prison trust account; enforced a no-smoking policy at the prison; overpriced items in the commissary; and generally acted in a racially discriminatory manner. The dis-

trict court, however, permitted Starks to proceed on four counts: that the defendants subjected him to excessive strip searches; repeatedly handcuffed him in a painful manner; provided inadequate resources in the prison law library; and "retaliated" against him by placing him in administrative segregation and later transferring him to the maximum security unit after he was convicted of murdering a correctional officer. Later, the district court granted summary judgment for the defendants on the first three counts because Starks did not file inmate grievances concerning those claims before filing suit. The court correctly held that he had therefore failed to exhaust his administrative remedies on those claims, as required by the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(a). The district court also granted summary judgment on the final count because Starks did not establish that he had engaged in any constitutionally protected activity that could support a retaliation claim.

■ On appeal Starks argues that the district court erred by granting summary judgment on his retaliation claim because the defendants subjected him to more restrictive conditions of confinement after he murdered the officer. But in order to establish retaliation, Starks would need to establish that the defendants' actions were motivated by his exercise of a constitutionally protected right. *See DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir.2000); *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996). Starks has not identified any protected conduct of his that could have prompted the defendants to transfer him, and the district court properly granted summary judgment.

■ Starks also appeals the dismissal of his due process claim, arguing that he was constitutionally entitled to a hearing before being placed in administrative segregation or transferred to Tamms. But

Starks has no liberty interest either in remaining in the general prison population, *Williams v. Ramos,* 71 F.3d 1246, 1248 (7th Cir.1995), or in being housed at any particular prison, *Ramirez v. Turner,* 991 F.2d 351, 353 (7th Cir.1993), and so the district court correctly dismissed his due process claim.

■ Next, Starks argues that his placement in segregation and subsequent transfer to the maximum security unit violated the double jeopardy clause because he had already been punished for the murder with one year in disciplinary segregation. But he did not present this argument to the district court, and arguments presented for the first time on appeal are waived. *Grayson v. O'Neill,* 308 F.3d 808, 817 (7th Cir.2002).

■ Finally, Starks argues that the district court erred because it struck as premature a motion for summary judgment he filed before the defendants answered his complaint. Starks argues generally that his motion should have been ruled on immediately. But a district court has broad discretion to manage the discovery process and the court here did not abuse its discretion by refusing to decide Starks's motion for summary judgment before discovery had even begun. *See Brill v. Lante Corp.,* 119 F.3d 1266, 1275 (7th Cir. 1997).

Starks has earned two "strikes" under the PLRA because both his initial suit and this appeal were frivolous. *See* 28 U.S.C. § 1915(g). Lastly, Starks's request to have counsel appointed is denied.

AFFIRMED.